| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| AMTEX BANCSHARES, INC., <br> and BRIDGE CITY STATE BANK, <br><br> Plaintiffs, <br><br> *versus* <br><br> BANCINSURE, INC, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § CIVIL ACTION NO. 1:10-CV-573 <br> § <br> § <br> § <br> § <br> § |

**MEMORANDUM ORDER ADOPTING ON SUMMARY JUDGMENT**

The court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration and recommended disposition of case-dispositive pretrial motions. On September 11, 2012, Judge Giblin issued a report and recommendation on the defendant's motion for summary judgment. He recommended that the court grant the motion in part and deny it in part.

The plaintiffs objected to the magistrate judge's recommendation. They specifically object to the magistrate judge's finding that the defendant insurer is entitled to summary judgment on plaintiffs' breach of contract claim based on the unpaid roof claim. Plaintiffs contend that they are entitled to a roof replacement rather than roof repair under the insurance contract. In support, they offer the deposition testimony of Henry LaBrie, the contractor employed by plaintiffs after Hurricane Ike.

The Court has considered the plaintiffs' objections and the evidence attached to the objections. In accordance with 28 U.S.C. § 636(b)(1), the Court also conducted a *de novo* review of the magistrate judge's findings, the record, the plaintiffs' specific objections, and the applicable law in this proceeding. After review, the court finds that Judge Giblin's findings and

recommendations should be accepted in part. The court further finds that a genuine issue of material fact exists on the plaintiffs' breach of contract cause of action for the roof damage claim under the policy. The court makes no finding as to whether the roof should be replaced. The court does conclude that there is a fact issue on whether the roof has been adequately repaired under the policy.

The court ORDERS that the report and recommendation (#46) on the defendant's motion for summary judgment is adopted in part. The court therefore ORDERS that defendant's motion for summary judgment (#32) is GRANTED in part and DENIED in part. The motion is granted on the plaintiffs' claims asserted pursuant to the DTPA, the Texas Insurance Code, and for breach of the common law duty of good faith and fair dealing. Summary judgment in entered in favor of the defendant on those causes of action. The DTPA, Insurance Code, and breach of good faith and fair dealing causes of action are therefore DISMISSED with prejudice.

The court further ORDERS that summary judgment is also entered in favor of the defendant on all of the plaintiffs' breach of contract claims except for the claims for coverage for document restoration and roof damage under the insurance contract. Only the breach of contract claims based on document restoration and roof damage remain pending.

SIGNED at Beaumont, Texas, this 27th day of September, 2012.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE